Maurice Harmon
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
Tel: (917) 516-4434
E-mail: maurice@harmonseidman.com
*Attorney for Plaintiff John Eastcott*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EASTCOTT, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC and MCGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff John Eastcott ("Eastcott"), for his complaint against Defendants McGraw-Hill Education Global Education Holdings, LLC And McGraw-Hill School Education Holdings, LLC (collectively "MHE") alleges:

**STATEMENT OF ACTION**

1.      This is an action for copyright infringement brought by Eastcott, the owner of copyrights to the photographs ("Photographs") described hereafter and originally licensed for limited use by MHE, against MHE for unauthorized uses of Plaintiff's photographs.

**PARTIES**

2.      John Eastcott is professional photographer and a resident of Hurley, New York.

3.      MHE is a sophisticated global publisher incorporated in Delaware. MHE sells and distributes its publications in the Eastern District of Pennsylvania and throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's photographs are

unlawfully reproduced. At all times pertinent to the allegations herein, MHE acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6. Eastcott is an author and copyright owner of the photographic images depicted in Exhibits 1-4 ("the Photographs").

7. The Photographs have been registered with the United States Copyright Office.

8. Eastcott entered into agreements with stock photography agencies Animals Animals Enterprises, Inc., Corbis Corporation, The Image Works, Inc., and Stock Boston, Inc., (the "Agencies") authorizing them to grant limited licenses for use of the Photographs to their customers, including MHE.

9. Between 1993 and 2015, in response to permission requests from MHE, the Agencies sold MHE limited licenses to use copies of the Photographs in numerous educational publications. The licenses granted MHE were expressly limited by number of copies, distribution area, language, duration and/or media (print or electronic) as summarized, where known, in Exhibits 1 - 4.

10. Shortly after obtaining the licenses, MHE exceeded the licenses and infringed Eastcott's copyrights in the Photographs in various ways, including:

    a. printing more copies of the Photographs than authorized;

    b. distributing publications containing the Photographs outside the authorized distribution area;

      c.      publishing the Photographs in electronic, ancillary, or derivative publications without permission;

      d.      publishing the Photographs in international editions and foreign publications without permission;

      e.      publishing the Photographs beyond the specified time limits.

11. Upon information and belief, after obtaining access to the Photographs, MHE used the Photographs without any license or permission in additional publications that have not yet been identified. Because MHE alone knows of these wholly unauthorized uses, Eastcott cannot further identify them without discovery.

12. MHE alone knows the full extent to which it has infringed Eastcott's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Eastcott. Eastcott has no reasonable means to determine whether MHE has made entirely unlicensed use of his photographs in its publications.

13. On February 9, 2016, Eastcott, through his counsel, sent MHE a spreadsheet reflecting invoices it had obtained for use of his photographs, in an attempt to open a dialogue with MHE regarding any unauthorized use of his work.

14. On February 16, 2016, MHE's counsel responded, indicating that MHE "would be willing to investigate whether there is any basis for [Plaintiff's] assertion that there may have been excessive use of Mr. Eastcott's photos, and if so, whether any compensation may be owed to the photo agencies that provided his photos to MHE." MHE would not agree to enter into an agreement tolling the statute of limitations pending any investigation, nor would MHE agree to investigate or disclose any entirely unlicensed use of Eastcott's photographs.

15. On September 23, 2014, a jury sitting in the Eastern District of Pennsylvania found MHE liable for copyright infringement of 38 photographs in 11 textbooks by the same scheme Eastcott alleges here. *See Grant Heilman Photography, Inc. v. McGraw-Hill School Education Holdings, LLC, et al.*, No. 5:12-cv-2061-MMB (Doc. 180, Judgment). The jury awarded $127,087 in actual damages and profits to that stock photography agency for those infringements.

16. On November 25, 2014, Judge Rebecca Pallmeyer in the Northern District of Illinois found MHE liable on summary judgment for 81 counts of copyright infringement for engaging in the same scheme Eastcott alleges here (". . . McGraw-Hill violated the licensing agreements in three distinct ways: print overruns, distribution outside the authorized geographic areas, and unlicensed reproductions in electronic media."). *See Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC et al.,* No. 1:12-cv-09881 (Doc. 85, Memorandum Opinion and Order, p. 13).

17. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST MHE

18. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

19. The foregoing acts of MHE constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

20. Plaintiff suffered damages as a result of MHE's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: February 22, 2016

                Plaintiff John Eastcott, by his attorneys,

                _____
                Maurice Harmon
                Harmon & Seidman LLC
                11 Chestnut Street
                New Hope, PA 18938
                Tel: (917) 516-4434
                E-mail: maurice@harmonseidman.com