IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN EASTCOTT, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-904 |
| | : | |
| MCGRAW-HILL GLOBAL | : | |
| EDUCATION HOLDINGS, LLC, et al., | : | |
|     Defendants. | : | |

**MCHUGH, J.**                                                                                                                 **JULY 22, 2016**

## MEMORANDUM

This is a routine motion to transfer venue where the principal issue of interest is the application of the rule established by the Supreme Court in *Atlantic Marine*. The case is one for copyright infringement against McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively, "MHE").

Plaintiff John Eastcott is a professional photographer who resides in Hurley, New York and owns the copyrights to the photographs at the center of this dispute. MHE "is a sophisticated global publisher incorporated in Delaware. MHE sells and distributes its publications in the Eastern District of Pennsylvania and throughout the United States and overseas." Compl. at ¶ 3. Plaintiff claims that he entered into agreements with four stock photography agencies, Animals Animals Enterprises, Inc., The Image Works, Inc., Stock Boston, Inc., and notably Corbis Corporation ("Corbis"), authorizing each agency to grant limited licenses for use of his photographs to their customers. Those agencies then sold licenses to MHE that were "expressly limited." Compl. at ¶ 9. Plaintiff alleges that MHE exceeded the terms of those limited licenses. Specifically, the Complaint consists of one count of copyright infringement, alleging MHE

1

printed, distributed, and published Eastcott's photographs without a valid license or his permission, thereby infringing on his copyrights.

Defendants move to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  The movant carries the heavy burden of establishing the need for transfer, as the plaintiff's choice of venue "should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotation and citation omitted).  Defendants seek to meet that burden by reference to a forum selection clause in a vendor agreement between MHE and Corbis, which they argue is dispositive.[1]  I disagree.

The forum selection clause only implicates a fraction of the claims in this case—19 of the 274 total claims or less than 7% to be exact.  Thus, even if I were to find the clause controlling, it would only govern a tiny subset of the claims in this action, which distinguishes this case from *Atlantic Marine Construction Company v. U.S. District Court for Western District of Texas*, 134 S. Ct. 568, 581 (2013).  Confronting a *universally* controlling forum selection clause in *Atlantic Marine*, the Supreme Court explained that a valid forum selection clause "represents the parties' agreement as to the most proper forum." *Id.* (internal citations and quotations omitted).  "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' " the Court held that a valid forum selection clause should control in all but exceptional circumstances. *Id.*  Provided that such a clause exists, *Atlantic Marine* requires "district courts to adjust their usual § 1404(a) analysis." *Id.*  That said, "[*Atlantic Marine*] enforcement standards depend crucially on the assumption that a valid forum

---

[1] Defendants maintain that this clause binds Plaintiff as a non-signatory through his relationship to Corbis, the third party vendor, arguing, "[i]t is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." *First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*, No. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa. Apr. 5, 2012).

selection clause will cover each individual claim.  Without that assumption, there may be a presumption *for* transfer as to some parties or claims, but a presumption *against* transfer as to others."  Stephen E. Sachs, *Five Questions After Atlantic Marine*, 66 Hastings L.J. 761, 772 (2015).  Here, New York represents the parties' agreed upon forum for a maximum of 7% of the claims at issue.  Accordingly, my analysis of the vast majority of Eastcott's claims begins with the typical presumption *against* transfer.

Defendants cite a string of cases in this district enforcing this exact forum selection clause in copyright actions, albeit in cases where the plaintiff also alleged a related breach of contract.  *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-1662, 2013 WL 4079923, at *1 (E.D. Pa. Aug. 13, 2013) (finding the clause applicable "because Plaintiff alleges a *breach of contract* claim in addition to his copyright claims. … Plaintiff 'cannot seek to enforce those contract terms beneficial to him while glossing over those that impose requirements he would rather not follow.' ") (citing *Lefkowitz v. McGraw-Hill Companies, Inc.*, No. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013) (emphasis in original)); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 13-2378, 2014 WL 716723, at *1 (E.D. Pa. Feb. 25, 2014) (same).  Those cases, however, presented far different facts, because the forum selection clause here covers only a fraction of the claims presented.[2]

---

[2] In addition, I note that Eastcott has not asserted any contract claims, further distinguishing this line of cases.  The parties devote a significant portion of their arguments to whether copyright claims fall within the contours of a forum selection clause that is limited to disputes "regarding the [Corbis] agreement."  Other courts have evaluated this question and reached varying results.  *Compare, e.g., Light v. Taylor*, 317 F. App'x 82, 83–84 (2d Cir. 2009) ("Light failed to demonstrate that Taylor consented to New York jurisdiction by entering a user agreement with Corbis.  Forum selection clauses are enforced only when they encompass the claim at issue.  The relevant clause here applies only to disputes 'regarding' the agreement.  Light's copyright claims are not governed by the forum selection clause because they do not encompass a dispute with respect to the Corbis agreement.") *with Skold v. Galderma Labs., L.P.*, 99 F. Supp. 3d 585, 609 (E.D. Pa. 2015) ("because all disputes the resolution of which arguably depend on the construction of an agreement arise out of that agreement for purposes of enforcing a forum selection clause, the Court holds that S.A. cannot avoid enforcement of the forum selection clause because the non-contractual claims asserted arise out of the contractual relation and implicate the contract's terms.  When the substance of the plaintiff's claims, stripped of their labels, fall within the scope of the forum selection clause, the opposing party cannot avoid it.") (internal citations and quotations omitted).  Here, even if the Corbis clause

3

Of the three cases on which the defense relies, only Judge Slomsky had occasion to review a clause that did not govern all of the claims. *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2014 WL 716723, at *4. Although not universally applicable, the clause nonetheless applied to the vast majority of licenses at issue, 82 out of 121—essentially the inverse of the facts before me. It is therefore hardly surprising that Judge Slomsky found the clause's broad application, extending to some 68% of the claims, a controlling consideration in favor of transfer. *Id.*

Tellingly, when confronted with a case more factually similar to this one, my colleague Judge Brody came to the opposite conclusion regarding the Corbis forum selection clause.[3] In *Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, the plaintiff brought 321 separate claims of copyright infringement. 978 F. Supp. 2d 463, 465 (E.D. Pa. 2013). Of those claims, 107 implicated a Washington forum selection clause, 127 implicated a New York forum selection clause, and 87 claims fell outside the scope of both clauses. *Id.* The defendant moved to enforce the New York forum selection clause. *Id.* at 465. Judge Brody concluded that the private interests of the parties weighed against transfer of the 194 claims not governed by the New York forum selection clause, while the public interest factors weighed heavily in favor of litigating all claims together. *Id.* at 467–68.[4]

---

unequivocally applied to 7% of the claims before me, I would still decline to transfer venue. In turn, I do not need to reach the parties' arguments concerning the scope of the clause.

[3] Defendants emphasize that "Judge Brody's ruling in the *Pearson* case was issued prior [to] the U.S. Supreme Court's controlling decision in *Atlantic Marine Construction*, and thus, it was without regard to the fundamental change in the analysis of interests that courts must now apply under 28 U.S.C. § 1404(a) when there is mandatory forum-selection clause applicable to the claims." Defendants' Memorandum of Law at 2 n.1. However, given the competing forum selection clauses Judge Brody faced, and considering my analysis herein, I am not persuaded that Judge Brody's analysis would have been impacted in a meaningfully way following *Atlantic Marine*.

[4] Judge Brody also saw no need to reach the question of whether a forum selection clause in a third-party agreement applies to claims of copyright infringement in light of the small percentage of claims controlled by the forum selection clause in question. *See Jon Feingersh Photography*, 978 F. Supp. 2d at 465 n.3 ("JFPI contends that the forum selection clauses do not govern any of its claims because copyright infringement claims fall outside the scope

4

On these facts, *Atlantic Marine* does not displace § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although there is no set formula in analyzing a § 1404(a) motion, "courts have considered many variants of the private and public interests protected by the language of § 1404(a)."[5] *Jumara*, 55 F.3d at 879 (internal citation omitted). Specifically, the Third Circuit has identified the following factors as relevant:

> [The private interests]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> [The public interests]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Under a traditional § 1404(a) analysis, the "decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citation and quotations omitted).

In light of the above, Defendants have simply failed to carry the heavy burden necessary to disturb Plaintiff's chosen forum and justify transfer to New York. *See Jumara*, 55 F.3d at 879; *Shutte*, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a

---

of the forum selection clauses. It is unnecessary to determine whether JFPI's copyright claims are within the scope of the forum selection clauses because, as will be explained below, even if the forum selection clauses apply, the private and public interests weigh against transfer.").

[5] Given the breadth of discretion under § 1404(a) and the widely divergent outcomes on similar facts, one is tempted to say that convenience, like beauty, lies largely in the eye of the beholder.

paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.") (internal quotations omitted).  Plaintiff, as master of his Complaint, has chosen to bring suit in this forum.  I recognize that Plaintiff's choice carries somewhat less weight because Eastcott does not reside in this district.  Nonetheless, his choice to litigate here still weighs against transfer.  "[U]nless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail."  *Id*. (internal quotations omitted) (emphasis added).  The "relative physical and financial condition" of the parties also disfavors transfer given the vastly different resources available to a large, international, financially successful corporation verses a single individual.  Thus, although Defendants prefer transfer, and even assuming New York is indeed the designated forum for 7% of the claims at issue, I am persuaded that the private factors, on balance, are neutral or weigh against transfer.

      The public interest factors support retaining this action.  Defendants' most compelling argument for transfer stems from the forum selection clause itself and is undermined by its limited applicability.  Judicial economy heavily favors litigating all claims together.[6]  Moreover, MHE does business within this district, and Plaintiff alleges that it sold books that infringed on Plaintiff's copyrights here, creating a local stake in the outcome of this dispute.  Finally, Plaintiff persuasively argues that the practicalities of a transfer to New York raise their own concerns, contending that the mechanics of transfer alone would cause delay, on top of added delay caused by relocation to a district where cases generally are disposed of at a slower pace.

---

[6] Plaintiff stresses that there could be other competing forum selection clauses in third party vendor agreements related to various portions of the 93% of Plaintiff's remaining claims that favor transfer to other districts, and suggests I should require MHE to produce all those various agreements prior to transferring venue.  Specifically, Plaintiff suggests that MHE's contracts with Stock Boston contain a forum selection clause selecting Massachusetts as the required forum.  Because I have declined to transfer venue here, Plaintiff's request for production of competing agreements is moot.  Similarly, Plaintiff's request for severance of the New York claims in the event I enforced the Corbis clause is also moot.

6

Therefore, in exercising my discretion under 28 U.S.C. § 1404(a), based on the totality of circumstances discussed herein, I do not find that transferring venue here would be in the interest of justice. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
